|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   |   |
| 3 | UNITED STATES DISTRICT COURT |   |
| 4 | DISTRICT OF NEVADA |   |
| 5 | * * * |   |
| 6 | AVELINO CASTILLON TORRES, | Case No. 3:18-cv-00368-MMD-CBC |
| 7 | Petitioner, | ORDER |
|   | v. |   |
| 8 | BROOKE SHIELDS, *et al.*, |   |
| 9 | Respondents. |   |
| 10 |   |   |

In this habeas matter, Petitioner Avelino Castillon Torres ("Torres" or "Petitioner") has neither paid the filing fee nor filed a properly-completed pauper application within the time allowed under the Court's prior order. (ECF No. 4.) Torres' recent filing, docketed as "exhibit(s)," explicitly references the prior order. (ECF No. 5, at 3.) The order informed Petitioner that failure to comply with the order would result in dismissal of the action.

In the above-referenced filing, Torres includes an apparent inmate request form, or "kite," referencing the prior order and appearing to request a motion for an extension of time "to file a second amended complaint" from the prison law library. (*Id.*) For the reasons outlined below, the Court denies any direct or indirect request for an extension of time – to satisfy the filing fee requirement by either paying the fee or filing a proper pauper application – and dismisses the action.

Further proceedings herein would be futile.

At the outset, Torres is in custody in a state prison in California. Even if he had named his physical custodian as a respondent, which he did not, the Court would not have jurisdiction over a warden of a California state prison. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 436, 442–43 (2004). To the extent that Torres refers to any purported criminal proceedings in his papers, he refers to original criminal proceedings only in California federal and/or state court. (ECF No.1-1 at 8, 10–13, 17, 19.) The few sparse references

1 | to Nevada in the petition, such as references to the "Reno Fed Reserve Bank" and
2 | "Comstock Lode Nevada," are frivolous or fanciful on their face and do not refer to any
3 | Nevada judgment of conviction and/or Nevada physical or constructive custodian of
4 | Torres. (*Id.* at 1–3.) The general rule for habeas petitions challenging present physical
5 | confinement is that jurisdiction lies only in the district of confinement. *Id.* at 443. There is
6 | no basis evident from the pleadings for this Court to exercise jurisdiction over this habeas
7 | petition brought by a California state prisoner.

The Court does not find, however, that transfer to a federal district court in California under 28 U.S.C. § 1631 (after any satisfaction of the filing fee requirement) rather than an immediate dismissal would be in the interest of justice. The respondents that Torres does name in his petition include, *inter alia*, "Brooke Shields, Mentally Retarded Actress;" "Princess Diane" [sic]; "Queen Elizabeth," the "Reno Fed Reserve Bank," and the aforementioned "Comstock Lode, NV." (*Id.* at 1–2.)[1] Additional papers attached with the petition name numerous other publicly known parties, such as former President Barack Obama and a French World Cup soccer organization. (*Id.* at 8, 15, 39.) To the extent that there is marginal coherence in the allegations in the petition, Torres alleges, *inter alia*, a vast conspiracy by his alleged wife Shields and others to steal his riches, as a "prince son of Christopher Columbus;" kidnap him; and leave him behind bars. (*Id.* at 2, 4, 15, 23, 39–44.)

Further proceeding herein, in any court, would be futile.

It is therefore ordered that any direct or indirect request for an extension of time is denied and that this action will be dismissed without prejudice for failure to satisfy the filing fee requirement and, in the alternative, both for lack of jurisdiction and because the action is fanciful, frivolous, and/or delusional on its face.

///

---

[1]The Clerk listed only Brooke Shields and Princess Diane as respondents on the docket sheet, but Torres apparently sought to name numerous additional respondents in the cramped writing interspersed on the petition form. Given the disposition herein, and the frivolous nature of the allegations presented, there is no need to list any further respondents on the docket sheet prior to dismissal.

It is further ordered that a certificate of appealability is denied, as reasonable jurists, *inter alia*, would not find the Court's dismissal of the action on the above procedural grounds to be debatable or incorrect.

The Clerk of Court is directed to enter final judgment accordingly and close this action.

DATED THIS 31st day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE